IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ZALIA MELINDA KING
by and through her guardian,
DONALD ALTORFER,

        Plaintiff,

    v.

OREGON DEPARTMENT OF
HUMAN SERVICES; RIVERVIEW
AFH CARE LLC; and AMANUEL
SIMA,

        Defendants.

Case No. 3:26-cv-01202-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Plaintiff Zalia Melinda King, through her guardian Donald Altorfer, brings this action against Defendants Oregon Department of Human Services ("ODHS"), Riverview AFH Care, LLC ("Riverview"), and Amanuel Sima. Compl., ECF No. 1. Plaintiff asserts various claims for relief including: (1) unlawful discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12132; (2) violation of the Rehabilitation Act, 29 U.S.C. § 794; and (3) violation of statutory civil rights under the Fair Housing Act, 42 U.S.C. §§ 3604, 3617. *Id.* ¶¶ 39–63. Plaintiff moves to proceed *in forma pauperis* ("IFP"). *See* Appl. for Leave to Proceed IFP

1 – OPINION & ORDER

("Appl. IFP"), ECF No. 2. Based on Plaintiff's financial information, the Court grants her motion to proceed IFP. The Court, however, dismisses Plaintiff's Complaint under 28 U.S.C. § 1915(e) with leave to amend.[1]

## BACKGROUND

Plaintiff "has a traumatic brain injury, anoxic brain injury, epilepsy, PTSD, schizoaffective disorder, bipolar II disorder, and cognitive impairments." Compl. ¶ 14. Plaintiff's conditions cause her to "veer[] off paths, attempt[] to sit on non-existent surfaces, become[] confused, and [be] at high risk of elopement." *Id.* ¶ 16. "She requires continuous [one-on-one] supervision indoors to remain safe, regulated, and engaged." *Id.* Plaintiff alleges that Defendant ODHS "relied on an assessment that evaluated only [Plaintiff's] physical improvements and failed to assess her psychological, cognitive, and behavioral disabilities." *Id.* ¶ 19.

Plaintiff also alleges that Defendants Riverview and Sima "issue[d] an invalid and retaliatory eviction and refus[ed] to implement reasonable accommodations." *Id.* ¶ 51. Plaintiff also alleges that Defendant ODHS "informed the provider that the notice was invalid and that

---

[1] Plaintiff also moves for a temporary restraining order in which she requests, among other relief, the prohibition of "any eviction, move-out, or placement disruption during litigation . . . ." Pl.'s Mot. TRO ("Pl.'s Mot.") 6, ECF No. 5. Because the Court dismisses Plaintiff's Complaint with leave to amend, the Court denies Plaintiff's pending Motion for TRO as moot. However, the Court notes its concerns about Plaintiff's likelihood of success on the merits. For example, Plaintiff filed an action in Columbia County Circuit Court—also through her guardian and against the same Defendants—on May 19, 2026 (Case No. 26CV25085). The Court adds that there appears to be a pending motion for TRO in that underlying state case. In any further motion seeking emergency injunctive relief, the Court instructs Plaintiff to explain why this matter should not be dismissed or stayed in light of this underlying state action. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (holding that there is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances").

2 – OPINION & ORDER

[Plaintiff] must be readmitted[,]" but that Defendant ODHS "refused to enforce its own licensing requirements." *Id.* ¶¶ 24–25.

Plaintiff also alleges that she "is currently hospitalized at Providence St. Vincent Medical Center." *Id.* ¶ 30. Plaintiff alleges that "[h]er hospitalization is not medically required" and that "[s]he remains hospitalized solely because ODHS has not provided a lawful community placement." *Id.* ¶¶ 31–32. Plaintiff alleges that Defendant ODHS "attempted to place [Plaintiff] in Beaverton, Aloha, and Portland[,]" which is "far from her family and community in Columbia County." *Id.* ¶¶ 33–34. Defendant ODHS allegedly attempted these placements due to "capacity" and limited resources. *Id.* ¶¶ 35–36.

## STANDARDS

A complaint filed IFP may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints that are "frivolous, malicious, or repetitive"). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Id.* at 325 ("[F]rivolous, when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally . . . ." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a self-represented litigant "'must be held to less stringent standards than formal pleadings drafted

3 – OPINION & ORDER

by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A self-represented litigant will be given leave to amend their complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

The Court finds that Mr. Altorfer may not represent Plaintiff in this matter without the representation of an attorney. There is a "general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). This rule extends to a variety of factual scenarios. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 876–77 (9th Cir. 1997) (holding that a guardian or parent may not bring suit in federal court on behalf of a minor without first retaining an attorney); *Calabrese v. California*, No. 22-55408, 2023 WL 2261399, at *1 (9th Cir. Feb. 28, 2023) ("[A] guardian who is not an attorney or represented by an attorney may not bring an action on behalf of a plaintiff who is incompetent."); *Hu v. Janssen Pharms., Inc.*, No. 24-6300, 2026 WL 1412596, at *1 (9th Cir. May 20, 2026) ("[A] conservator or guardian ad litem does not have standing to prosecute an action *pro se* on another's behalf."). The caveat to this general rule is "when statutory authorization exists permitting plaintiff to prosecute an action on behalf of others than himself . . . ." *Simon*, 546 F.3d at 665 n.6.

Here, Plaintiff's Complaint alleges that Mr. Altorfer "is [Plaintiff's] court-appointed guardian since September 10, 2021." Compl. ¶ 10. It also appears that Mr. Altorfer prepared Plaintiff's Complaint. *See id.* at 13 (Complaint signed by Mr. Altorfer). But Plaintiff's Complaint does not explain whether Mr. Altorfer is an attorney. Nor does the Complaint explain the statutory authorization permitting Mr. Altorfer to prosecute this matter on behalf of Plaintiff.

4 – OPINION & ORDER

Accordingly, the Court dismisses Plaintiff's Complaint with leave to amend because Mr. Altorfer has not shown that he is entitled to proceed as a representative for Plaintiff in this matter. Should Mr. Altorfer wish to proceed as representative for Plaintiff in this matter, any amended pleading should confirm whether Mr. Altorfer is authorized to do so.

## CONCLUSION

The Court GRANTS Plaintiff's Application for Leave to Proceed IFP [2] and dismisses Plaintiff's Complaint [1] with leave to amend. Plaintiff may file an amended complaint within 30 days of this Opinion & Order. Failure to file an amended complaint will result in dismissal of this case without prejudice and without further notice. In light of the Court's dismissal of the Plaintiff's Complaint [1], pending motions are denied as moot.

IT IS SO ORDERED.

DATED this __16th__ day of June, 2026.

_____
AMY M. BAGGIO
United States District Judge

5 – OPINION & ORDER