IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ZALIA MELINDA KING
by and through her guardian,
DONALD ALTORFER,

        Plaintiff,

    v.

OREGON DEPARTMENT OF
HUMAN SERVICES; RIVERVIEW
AFH CARE LLC; and AMANUEL
SIMA,

        Defendants.

Case No. 3:26-cv-01202-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Plaintiff Zalia Melinda King, through her guardian Donald Altorfer, brings this action against Defendants Oregon Department of Human Services, Riverview AFH Care, LLC, and Amanuel Sima. On June 16, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed Plaintiff's Complaint with leave to amend. Opinion & Order ("O&O") 5, ECF No. 9. Plaintiff filed an amended complaint on June 22, 2026. First Am. Compl. ("FAC"), ECF No. 10. Plaintiff also filed a superseding Motion for Temporary Restraining Order. Pl.'s

1 – OPINION & ORDER

Mot. TRO, ECF No. 11. For the reasons below, the Court dismisses Plaintiff's operative pleading without leave to amend.

## BACKGROUND

The allegations in Plaintiff's operative complaint are substantively similar to those outlined in the Court's prior Opinion & Order. *See* O&O 2–3. The Court therefore incorporates its prior discussion by reference.

The Court dismissed Plaintiff's prior complaint with leave to amend. *Id.* at 5. The Court instructed that "[s]hould Mr. Altorfer wish to proceed as representative for Plaintiff in this matter, any amended pleading should confirm whether Mr. Altorfer is authorized to do so." *Id.* In response to this instruction, Mr. Altorfer attaches to Plaintiff's amended pleading an "Affidavit of Guardianship Authority" in which Mr. Altorfer explains that he was "appointed guardian by the Columbia County Circuit Court on September 10, 2021[,]" that his "guardianship authority is granted under [Or. Rev. Stat. § ("ORS")] 125.315[,]" and that his guardianship "includes the authority to initiate court proceedings on her behalf when required to protect her rights and ensure her access to necessary services." FAC 6.[1]

## STANDARDS

A complaint filed IFP may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1] Citations to Plaintiff's First Amended Complaint are to the page numbers generated in the CM/ECF filing.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints that are "frivolous, malicious, or repetitive"). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Id.* at 325 ("[F]rivolous, when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally . . . ." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a self-represented litigant "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A self-represented litigant will be given leave to amend their complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

The Court finds that Mr. Altorfer has not shown that he may represent Plaintiff in federal court without the representation of an attorney. In federal court, "parties may plead and conduct their own cases [1] personally or [2] by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654; *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities."). As is relevant here, and as stated in the Court's prior O&O, there is a "general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon*, 546 F.3d at 664; *see also Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th

3 – OPINION & ORDER

Cir. 1997) ("It goes without saying that it is not in the interest of . . . incompetents that they be represented by non-attorneys." (quoting *Osei–Afriyie v. Medical Coll.*, 937 F.2d 876, 883 (3d Cir. 1991))).[2] The caveat to this general rule is "when statutory authorization exists permitting plaintiff to prosecute an action on behalf of others than himself . . . ." *Simon*, 546 F.3d at 664 n.6.

Here, Mr. Altorfer explains that he was "appointed guardian by the Columbia County Circuit Court on September 10, 2021[,]" that his "guardianship authority is granted under ORS 125.315[,]" and that his guardianship "includes the authority to initiate court proceedings on her behalf when required to protect her rights and ensure her access to necessary services." FAC 6. But federal law—not state law—governs here. *See Simon*, 546 F.3d at 664 ("The general rule establishing the right of an individual to represent oneself in *all federal courts* of the United States is contained in 28 U.S.C. § 1654." (emphasis added)); *Hu v. Janssen Pharms., Inc.*, No. 21-CV-05990-HSG, 2024 WL 4178666, at *2 (N.D. Cal. Sept. 11, 2024) (holding that "federal law does not allow [the plaintiff] to bring claims on her mother's behalf without counsel, even when acting as guardian ad litem"), *aff'd*, No. 24-6300, 2026 WL 1412596 (9th Cir. May 20, 2026); *see also Walden v. Hernandez*, No. 3:24-CV-01707-AB, 2024 WL 4592329, at *1 n.1 (D. Or. Oct. 28, 2024) (dismissing claims on IFP review because "pro se plaintiffs cannot represent other parties" (citing 28 U.S.C. § 1654)). Further, Mr. Altorfer does not cite (nor can the Court find) any caselaw supporting Mr. Altorfer's proposed arrangement of *pro se* representation in federal court as is purportedly conferred by ORS 125.315.

---

[2] The Ninth Circuit noted its concerns about access to justice in circumstances similar to this case. *See Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1181 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2701 (2025). The panel, however, held that it was "bound by *Johns*" and affirmed the district court's dismissal. *Id.*

4 – OPINION & ORDER

Accordingly, the Court dismisses Plaintiff's Complaint without prejudice but without leave to amend because Mr. Altorfer still has not shown that he is entitled to proceed *pro se* as a representative for Plaintiff in this matter. *See Johns*, 114 F.3d at 877 (holding that "the complaint should have been dismissed without prejudice as to [the guardian] in his capacity as guardian ad litem"). Plaintiff has leave to refile this action if and when Plaintiff proceeds with the representation of an attorney.

**CONCLUSION**

The Court DISMISSES Plaintiff's First Amended Complaint [10] without leave to amend. Accordingly, this matter is DISMISSED without prejudice. Pending motions, if any, are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 22nd day of June, 2026.

AMY M BAGGIO
United States District Judge